[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, for carrying a pistol without a permit, in violation of General Statutes § 29-35; unlawful discharge of a firearm, in violation of General Statutes § 53-203; and reckless endangerment first degree, in violation of General Statutes § 53a-63, for which judgment the petitioner received a total, effective sentence of six years incarceration, consecutive to a fifty-four month sentence for violating probation.
The petitioner claims that his confinement is unlawful because his trial counsel, Attorney Ross Delaney, an assistant public defender, rendered ineffective assistance at his criminal trial by failing to have a firearm, which was the subject of the criminal charges, examined for fingerprints and by failing to file certain pretrial discovery motions.
Our Supreme Court has adopted the two-pronged Strickland
test for evaluating ineffective assistance claims, Johnson v.Commissioner, 218 Conn. 403 (1991), p. 425. Under this standard, the petitioner must prove both that his trial attorney's performance was deficient, and that this deficient performance prejudiced his defense, Id, p. 424. If it is easier to dispose of the claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance,Pelletier v. Warden, 32 Conn. App. 38 (1993), p. 46. Because the court concludes that an examination of the prejudice component CT Page 9726 of the Strickland test is dispositive, the court proceeds to address that issue directly.
In order to satisfy the prejudice prong of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636
(1985), p. 640. Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v.Commissioner, 222 Conn. 444 (1992), p. 454; that is, the petitioner must show that there is a reasonable probability that he remains burdened by an unreliable determination of guilt, Id.
 I
With respect to the contention that Delaney was ineffective for declining to have the weapon examined so as to exclude the presence of the petitioner's fingerprints thereon, the court finds that the petitioner has failed to prove, by a preponderance of the evidence, that there exists a reasonable probability that, had his trial attorney had the weapon examined, the outcome of his trial would have been different.
The evidence at the criminal trial indicated that the weapon was handled by at least three persons after the petitioner allegedly possessed it, viz. Torrey Green, Mamie Bell, and Hartford Police Officer Gartner. Gartner testified at the criminal trial that the weapon was never examined for fingerprints because of this chain of handlers (Petitioner's Exhibit A, pp. 502 through 504). It appears highly unlikely that discernible and useful information regarding the presence or absence of the petitioner's fingerprints on the weapon would have been available months later when the petitioner contends Delaney ought to have requested examination.
The court is unpersuaded that the results of an examination for fingerprints would have affected the jury's verdict. Such an examination would have disclosed either the presence or absence of the petitioner's fingerprints. The presence of his prints would have been disastrous, of course. The absence of his prints was to be expected because of the number of persons who handled the weapon after the petitioner purportedly did and the passage of time. The jury had before it testimony that the police refrained from looking for fingerprints because of the improbability of finding the petitioner's prints even if he had CT Page 9727 handled the weapon. The petitioner has failed to meet his burden of proving that trial counsel's inaction in this regard undermines confidence in the verdict.
 II
As to trial counsel's failure to seek discovery, this claim centers on the fact that the prosecution called a rebuttal witness, Officer Inho, who testified that the petitioner had made certain statements to him relevant to the case which contradicted the petitioner's testimony in his own defense. An elaboration of the facts is necessary at this point.
The petitioner testified at his criminal trial that he never saw, possessed, or fired the weapon in question. He also testified that he called the Hartford Police Department regarding the weapon shortly after the incident. Officer Inho testified that he was dispatched to answer this call. He met the petitioner at his apartment building, and the petitioner related to him that Torrey Hall had stolen the petitioner's gun and threatened the petitioner with it (Petitioner's Exhibit A, pp. 901 ff).
At the habeas hearing Assistant State's Attorney Kevin Murphy testified that he prosecuted the criminal case against the petitioner. He stated that, until the moment the petitioner testified at the criminal trial that the petitioner had phoned the police regarding the weapon, he was unaware of any conversation between Inho and the petitioner. This was because Inho, himself, was unaware that the police department had received another complaint, at a later time, regarding a complaint against the petitioner by Torrey Green. When Murphy learned of the petitioner's complaint to the police, he contacted the police department, and Inho's written report of his investigation was obtained. After Murphy called Inho as a rebuttal witness, Delaney was given a copy of this report. Delaney used this report in his cross-examination of Inho.
The court finds that a pretrial discovery motion would have failed to provide any information pertinent to the petitioner's conversation with Inho. The prosecutor was unaware of the interview until the petitioner raised the possibility of such an investigation during his testimony in his own defense. Consequently, a pretrial motion would have been unfruitful in this regard. The petitioner's trial counsel eventually received a copy of the report and cross-examined Inho as to its CT Page 9728 particulars. The court holds that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that, but for Delaney's failure to file a pretrial discovery motion, the outcome of his criminal trial would have been different.
For these reasons, the petition is dismissed.
Sferrazza, J.